1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10
11

ISAIAH LAMAR BARRETT,
INMATE #95410-298,

12
13

Plaintiff,

14

vs.

15

GEO, et al.,

16

Defendants.

17
18
19

Case No.:  21cv1603-CAB (JLB)

**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a) AND DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PREPAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a)**

20        Plaintiff Isaiah LaMar Barrett, incarcerated at the GEO Western Region Detention

21   Facility in San Diego, California, is proceeding pro se in this civil rights action pursuant to

22   42 U.S.C. § 1983.  (ECF No. 1.)  Plaintiff claims he was denied his rights to free speech,

23   freedom of religion and freedom from cruel and unusual punishment.  (*Id.* at 5-8.)  He did

24   not pay the civil filing fee required by 28 U.S.C. § 1914(a) and has instead filed a Motion

25   to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a).  (ECF No. 2.)

26   **I.        Motion to Proceed IFP**

27        All parties instituting any civil action in a district court of the United States, except

28   a petition for writ of habeas corpus, must pay a filing fee of $402, and the action may

1

proceed despite a failure to prepay the entire fee only if leave to proceed IFP is granted pursuant to 28 U.S.C. § 1915(a).[1]  *See* 28 U.S.C. § 1914(a); *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).  Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005); 28 U.S.C. § 1915(h) (defining a "prisoner" as "any person" who at the time of filing is "incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program.")  From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets.  *See* 28 U.S.C. § 1915(b)(1) & (4).  The institution collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which the account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid.  *See* 28 U.S.C. § 1915(b)(2). Plaintiff remains obligated to pay the entire fee in monthly installments regardless of whether their action is ultimately dismissed.  *Bruce v. Samuels*, 577 U.S. 82, 84 (2016); 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Plaintiff has not submitted a copy of his inmate account in support of his IFP Motion or an institutional equivalent.  (ECF No. 2.)  The Motion to Proceed IFP fails to comply with 28 U.S.C. § 1915(a)(2) because it does not include a certified copy of his trust fund account statement or an "institutional equivalent" attesting as to his trust account activity and balances for the 6-month period preceding the filing of this action.  *See* 28 U.S.C.

---

[1] In addition to a $350 fee, civil litigants, other than those granted leave to proceed IFP, must pay an additional administrative fee of $52.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)).

21cv1603-CAB (JLB)

§ 1915(a)(2); S. D. Cal. CivLR 3.2.b.  Without this accounting, the Court is unable to fulfill its statutory duty to assess the appropriate amount of initial filing fee which may be required to further prosecute this case.  *See* 28 U.S.C. §1915(b)(1).  Accordingly, Plaintiff's Motion to Proceed In Forma Pauperis is **DENIED** without prejudice to Plaintiff to provide the Court with the required document.

## II.     Conclusion and Order

(1)     Plaintiff's Motion to Proceed IFP (ECF No. 2) is **DENIED** and this action is **DISMISSED** without prejudice for failure to prepay the filing fee as required by 28 U.S.C. § 1914(a).

(2)     Plaintiff is **GRANTED** forty-five (45) days leave from the date this Order is filed to: (a) prepay the entire $402 civil filing and administrative fee in full; or (b) complete and file a Motion to Proceed IFP which complies with 28 U.S.C. § 1915(a)(2) and S.D. Cal. CivLR 3.2(b).  The Clerk of the Court will provide Plaintiff with this Court's approved form "Motion and Declaration in Support of Motion to Proceed In Forma Pauperis."  If Plaintiff fails to timely prepay the civil filing fee or timely complete and submit the enclosed Motion to Proceed IFP the Court will enter a final judgment of dismissal.

**IT IS SO ORDERED.**

Dated:  October 1, 2021

_____

Hon. Cathy Ann Bencivengo
United States District Judge

3

21cv1603-CAB (JLB)