UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAIAH LAMAR BARRETT, BOOKING #95410-298,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>GEO Group, Inc., et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 21cv1603-CAB (JLB)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTIONS TO PROCEED IN FORMA PAUPERIS,**<br><br>**(2) DENYING MOTION FOR APPOINTMENT OF COUNSEL,**<br><br>**AND**<br><br>**(3) DISMISSING COMPLAINT WITH LEAVE TO AMEND PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)** |

　　　　Plaintiff Isaiah LaMar Barrett, detained at the Western Region Detention Facility in San Diego, California, at the time of the events, but since transferred to the Otay Mesa Detention Center in San Diego, California, is proceeding pro se in this civil rights action. (ECF No. 1.) Plaintiff claims he was subjected to cruel and unusual punishment in violation of the Eighth Amendment and deprived of his rights to freedom of religion and free speech in violation of the First Amendment, when he was forcibly removed from his

cell and had religious items confiscated in retaliation for religious activities. (*Id.* at 5-8.) He names as Defendants GEO Group, Inc., a private corporation operating the Western Region Detention Facility under a contract with the federal government, and eight Correctional Officers employed there by GEO Group, Inc. (*Id.* at 2-4.)

On October 1, 2021, the Court denied Plaintiff's motion to proceed in forma pauperis ("IFP") and dismissed the action without prejudice for failure to satisfy the filing fee requirement. (ECF No. 3.) Plaintiff has now filed two additional motions to proceed IFP (ECF Nos. 4-5) and a motion for appointment of counsel (ECF No. 7).

**I.    Motions to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a failure to prepay the entire fee only if leave to proceed IFP is granted pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).

Prisoners seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1)&(4). The institution collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which the account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2). Plaintiff remains

---

[1] In addition to a $350 fee, civil litigants, other than those granted leave to proceed IFP, must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)).

obligated to pay the entire fee in monthly installments regardless of whether the action is ultimately dismissed. *Bruce v. Samuels*, 577 U.S. 82, 84 (2016); 28 U.S.C. § 1915(b)(1) & (2).

As defined by the PLRA, a "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). A person detained and subject to removal or deportation, however, is not a "prisoner" under § 1915(h), "so long as he does not also face criminal charges." *Agyeman v. INS*, 296 F.3d 871, 885-86 (9th Cir. 2002).

Plaintiff provides no details regarding the reason for his incarceration at the Western Region Detention Facility when he initiated this action. It appears he is detained by the United States Immigration and Customs enforcement pending removal without criminal charges and therefore does not qualify as a "prisoner" as defined by 28 U.S.C. § 1915(h), which, if true, means the filing fee provisions of 28 U.S.C. § 1915(b) would not be applicable to this case. *Agyeman,* 296 F.3d at 885-86. A review of Plaintiff's affidavits of assets (*see* ECF No. 4 at 4-5; ECF No. 5 at 1-5), show he is unable at this time to pay the fees or post securities required to maintain a civil action. *See* S.D. CAL. CIVLR 3.2(d). Accordingly, Plaintiff's Motions to Proceed IFP (ECF Nos. 4-5) are **GRANTED**.[2]

## II.     SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

### A.     Standard of Review

Irrespective of whether Plaintiff is a prisoner or a civil detainee, a complaint filed by *any* person proceeding IFP is subject to sua sponte dismissal if it is "frivolous, malicious,

---

[2] If Plaintiff is a prisoner within the meaning of the PLRA filing fee provision the Court would still grant him leave to proceed IFP. However, based on his certified trust account statement (*see* ECF No. 4 at 4), an initial payment of $12.11 would be due and he would remain obligated to pay the remaining $337.89 in monthly installments even if this action is ultimately dismissed. *Bruce*, 577 U.S. at 84; 28 U.S.C. § 1915(b)(1)&(2). The Court may determine at a later time whether such fees must be collected.

fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.")

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting that standard. *Id.*

**B.     Plaintiff's Allegations**

Plaintiff alleges he was incarcerated at the Western Region Detention Facility on May 23, 2021, and that:

> I believe God has given me a prison ministry. So while confined in this Western Region Detention Facility I preach the Gospel. Some inmates didn't like my preaching because they were Muslims, so they told the Correctional Officers to get rid of me & to shut me up. They couldn't do it themselves, because of my age 67 I'm considered a OG (Old Gangster) they couldn't lay hands on me. So they forced the guards, after two days of negotiations, to remove me from my cell because of religions reasons.

(ECF No. 1 at 5.)

Plaintiff alleges that Defendant Lieutenant Sprayberry had his mattress and footlocker removed from his cell, and while Plaintiff was lying on the cement floor Sprayberry ordered the Correctional Emergency Response Team ("CERT") to "violate[] my civil rights of freedom of speech and freedom of religion." (*Id*.)  He identifies the members of that CERT as consisting of Defendants Correctional Officers Rubio, R. Padilla, J. Mora, L. Guillen, J. Gomez and D. Henderson, along with Defendant Facility Administrator E. Noonan. (*Id*.)

Plaintiff alleges that on July 18, 2021, Defendant Rubio with the authorization of the facility administrator "removed my bibles along with my other Christian material out of my cell along with my mattress and other Christian literature held within my footlocker was removed because of my preaching the Gospel." (*Id*. at 6.)  Plaintiff states that he was lying on the floor of his cell being non-resistant when Defendant Rubio sprayed him with OC spray, and then removed from his cell by a CERT which consisted at that time of Defendants Rubio, R. Padilla, L. Guillen, J. Gomez and D. Henderson, which he contends was authorized by Defendant Noonan. (*Id*. at 6-7.)  Plaintiff states that Defendant Padilla grabbed his head while Defendants Mora and Guillen grabbed his left and right arms as Guillen handcuffed him, and Defendants Henderson and Gomez grabbed his right and left legs while Gomez placed him in leg restraints. (*Id*. at 7.)

Plaintiff claims he was subjected to cruel and unusual punishment and denied his rights to freedom of religion and free speech. (*Id*. at 5-7.)  He seeks compensatory and punitive damages. (*Id*. at 9.)

**C.     Analysis**

The Complaint indicates this action is brought under 42 U.S.C. § 1983. (*See* ECF No. 1 at 1.)  Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). "Section 1983, however, provides no right of action against federal (rather than state) officials." *Russell v. United States Dept. of the Army*, 191 F.3d 1016, 1019 (9th Cir. 1999).  To the extent Plaintiff has

named federal rather than state actors as Defendants, his Complaint is properly construed pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991) ("Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*.")

The Defendants named in this action include GEO Group, Inc., a private corporation operating the Western Region Detention Facility under a contract with the federal government, and eight Correctional Officers employed there by GEO Group, Inc. (ECF No. 1 at 2-4.) Plaintiff may not assert a *Bivens* claim against Defendant GEO Group, Inc. *See Correctional Services Corp. v. Malesko*, 534 U.S. 61, 66-74 (2001) (*Bivens* liability does not extend to a private corporation operating a facility under contract with the federal government); *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004) (same). With respect to the remaining Defendants, individual Correctional Officers employed by GEO Group, Inc., Plaintiff's federal constitutional claims are required to be brought, if at all, pursuant to *Bivens*. *Agyeman*, 390 F.3d at 1103.

With respect to Plaintiff's Eighth Amendment cruel and unusual punishment claim arising from his cell extraction, he cannot maintain a *Bivens* cause of action against the individual Defendants. "Where, as here, a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law . . ., the prisoner must seek a remedy under state tort law. We cannot simply imply a *Bivens* remedy in such a case." *Minneci v. Pollard*, 565 U.S. 118, 131 (2012). The Ninth Circuit has applied *Pollard* to preclude *Bivens* remedies for Eighth Amendment claims against employees of the GEO Group, Inc. in its capacity of operating a federal immigration detention facility. *See Karboau v. Clark*, 577 Fed.Appx. 678, 679 (9th Cir. 2014) (affirming dismissal of Eighth Amendment claims against individual employees of GEO Group, Inc., because the exclusive remedy is pursuant to state tort law).

With respect to Plaintiff's First Amendment claim that his religious items were confiscated in retaliation for his religious activities, it is unclear whether Plaintiff can bring a *Bivens* cause of action against the individual Defendants. *See Vega v. United States*, 881 F.3d 1146, 1153 (9th Cir. 2018) ("The Supreme Court has never explicitly recognized a *Bivens* remedy for a First Amendment claim."), citing *Reichle v. Howards*, 566 U.S. 658, 663 n.4 (2012) ("We have never held that *Bivens* extends to First Amendment claims."); *Iqbal*, 556 U.S. at 675 (assuming without deciding that *Bivens* extends to a First Amendment free exercise claim).

It appears unlikely that *Bivens* can be extended to reach Plaintiff's First Amendment retaliation and free exercise claims because "expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Ziglar v. Abassi*, 582 U.S. ___, ___, 137 S.Ct. 1843, 1857 (2017), quoting *Iqbal*, 556 U.S. at 675. The Court need not reach that issue at this time however, because assuming Plaintiff can bring such a claim under *Bivens* the Complaint as currently drafted fails to state such a claim. "[A] viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (2005). The adverse action need not be an independent constitutional violation. *Gomez v. Vernon*, 255 F.3d 1118, 1127 (9th Cir. 2001) ("[A] retaliation claim may assert an injury no more tangible than a chilling effect on First Amendment rights.")

Even to the extent Plaintiff can satisfy those pleading requirements, he must also allege a retaliatory motive, that is, a causal connection between the adverse action and his protected conduct. *Watison*, 668 F.3d at 1114. Plaintiff alleges that other inmates "forced the guards, after two days of negotiations, to remove me from my cell because of religions reasons," and that Defendant Rubio, with the authorization of the facility administrator, "removed my bibles along with my other Christian material out of my cell along with my mattress and other Christian literature held within my footlocker was removed because of

my preaching the Gospel." (ECF No. 1 at 5-6.) Conclusory allegations the Defendants acted with a retaliatory motive are insufficient to state a retaliation claim. *See Pratt v. Rowland*, 65 F.3d 802, 808 (9th Cir. 1995) (concluding that, in the absence of factual allegations to the contrary, it would be "sheer speculation" to assume that prison officials retaliated on the basis of an inmate's First Amendment activity). Plaintiff alleges in a conclusory fashion that other inmates did not want him to engage in religious activities and "forced the guards" to remove him from his cell and confiscate his religious items because they could not do it themselves, but there are no *factual* allegations in the Complaint regarding how the guards were forced to act or what motivated them to act which plausibly alleges any Defendant took any action in retaliation for Plaintiff's religious activities and that their actions did not reasonably advance a legitimate correctional goal. *See Iqbal*, 556 U.S. at 678 (the "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" do not state a § 1983 claim for relief); *McElyea v. Babbitt*, 833 F.2d 196, 197 (9th Cir. 1987) (per curiam) ("The free exercise right, however, is necessarily limited by the fact of incarceration, and may be curtailed in order to achieve legitimate correctional goals or to maintain prison security.")

In addition, there are no factual allegations with respect to any individual Defendant with respect to the First Amendment claim, other than Defendant Rubio who is alleged to have acted with the authorization of an unnamed facility administrator. A defendant is liable when he or she "personally participated" in the alleged constitutional deprivation. *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Iqbal*, 556 U.S. at 676 ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.") To the extent Plaintiff contends that any named Defendant is liable as a supervisor of the other Defendants, supervisory officials may only be held liable if the Complaint alleges their "personal involvement in the constitutional deprivation, or . . . a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Keates v. Koile*, 883 F.3d 1228, 1242-43 (9th Cir. 2018); *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation

must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."); *Abassi*, 137 S.Ct. at 1860 ("*Bivens* is not designed to hold officers responsible for acts of their subordinates.")

Finally, to the extent Plaintiff attempts to bring a First Amendment claim for interference with his religious activities, he must plausibly allege that an official took an action which: (a) "substantially burdens the person's practice of her religion" and (b) was not "reasonably related to legitimate penological interests." *Jones v. Williams*, 791 F.3d 1023, 1031-33 (9th Cir. 2015), quoting *O'Lone v. Estate of Shabazz*, 482 U.S. 432, 248 (1987). "[G]overnment action places a substantial burden on an individual's right to free exercise of religion when it tends to coerce the individual to forego her sincerely held religious beliefs or to engage in conduct that violates those beliefs." *Id.* at 1033. However, "relatively short-term and sporadic" intrusions do not constitute a substantial burden on the free exercise of religion. *Canell v. Lightner*, 143 F.3d 1210, 1215 (9th Cir. 1998); *Brown v. Washington*, 752 Fed. Appx. 402, 405 (9th Cir. 2018) (noting that a "one time set of circumstances" or an "isolated incident" is insufficient to constitute a "substantial burden of plaintiff's religious beliefs" under the First Amendment). The Complaint as drafted merely alleges a single isolated instance of interference with his religious activities when his "bibles along with my other Christian material" were removed from his cell (ECF No. 1 at 5-6), but contains no factual allegations regarding the duration of any lack of access to his religious property sufficient to support a plausible inference that his right to the free exercise of religion was substantially burdened. *Canell*, 143 F.3d at 1215.

Accordingly, the Court sua sponte dismisses all claims in the Complaint against all Defendants because as currently drafted the Complaint fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Watison*, 668 F.3d at 1112.

**D.     Leave to Amend**

In light of Plaintiff's pro se status, the Court grants him leave to amend to attempt to sufficiently allege a claim against the dismissed Defendants if he can. *See Rosati v.*

*Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"), quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

### III. Motion for Appointment of Counsel

Plaintiff requests the Court appoint him counsel because he is unfamiliar with federal civil litigation and lacks the knowledge or experience regarding discovery. (ECF No. 7 at 3.) All documents filed pro se are liberally construed, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). There is no constitutional right to counsel in a civil case, and the decision to appoint counsel under 28 U.S.C. § 1915(e)(1) is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Agyeman*, 390 F.3d at 1103. Exceptional circumstances exist where there is a cumulative showing of both a likelihood of success on the merits and an inability of the pro se litigant to articulate his claims in light of their legal complexity. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Plaintiff's Complaint demonstrates he is capable of legibly articulating the facts and circumstances relevant to his claims, and, as discussed above, he has yet to show a likelihood of success on the merits. Accordingly, Plaintiff's motion for appointment of counsel is **DENIED** without prejudice.

### IV. Conclusion and Orders

Good cause appearing, the Court:

1. **GRANTS** Plaintiff's Motions to Proceed IFP (ECF Nos. 4-5).

2. **DENIES** Plaintiff's Motion to Appoint Counsel (ECF No. 7).

3. **DISMISSES** all claims against all Defendants in the Complaint without prejudice and with leave to amend pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii).

4. **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file a First Amended Complaint which cures the deficiencies of pleading noted in

this Order with respect to any or all other Defendants.  Plaintiff's First Amended Complaint must be complete by itself without reference to his original Complaint; Defendants not named and any claims not re-alleged in the First Amended Complaint will be considered waived.  See S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.")  If Plaintiff fails to amend within the time provided, the Court will enter a final Order dismissing this civil action.  See *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")

5. **DIRECTS** the Clerk of the Court to provide Plaintiff with a blank copy of its form *Bivens* Complaint for use in amending should he choose to do so.

**IT IS SO ORDERED.**

Dated:  December 2, 2021

Hon. Cathy Ann Bencivengo
United States District Judge