UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAIAH LAMAR BARRETT, BOOKING #95410-298,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>GEO Group, Inc., et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 21cv1603-JO (JLB)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)** |

## I.   Background

Plaintiff Isaiah LaMar Barrett is a pre-trial detainee housed at the Western Region Detention Facility in San Diego, California, proceeding pro se and *in forma pauperis* in this civil rights action brought pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (ECF No. 13.) Plaintiff claims that six Correctional Officers employed by GEO Group, Inc., a private corporation operating the Western Region Detention Facility under contract with the federal government, used excessive force during a cell extraction in violation of his Fifth and Fourteenth Amendment rights to due process and to be free from cruel and unusual punishment. (*Id*. at 5-7.)

## II. Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B)

### A. Standard of Review

A complaint filed by any person proceeding *in forma pauperis* is subject to *sua sponte* dismissal if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.")

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### B. Plaintiff's Allegations

Plaintiff alleges that on July 18, 2021, while housed as a pre-trial detainee at the Western Region Detention Facility, Defendant Correctional Officer Rubio sprayed oleoresin capsicum spray in his eyes "while I was laying on my cell floor without reason to do so." (ECF No. 13 at 6.) "My cell door was breached by the Correctional Emergency Response Team (CERT) consisting of Defendants Correctional Officers Rubio, R. Padilla, J. Mora, L. Guillen, J. Gomez and D. Henderson." (*Id.*) Padilla grabbed Plaintiff's head while Mora and Guillen grabbed his left and right arms as Guillen placed him in handcuffs. (*Id.*) Henderson and Gomez grabbed his right and left legs while Gomez placed him in leg restraints. (*Id.*) "Defendants picked up Plaintiff after restraints were on his hands & feet. Plaintiff was dropped injuring his left knee." (*Id.*)

Plaintiff alleges Defendant Rubio wrote a false incident report stating he had refused to be placed in hand restraints. (*Id*. at 7.) He claims that "video of the cell extraction will show that the incident report was false and that no warning was issued; neither did Plaintiff disobey any orders given by any correctional officers, nor did I strike or attempt to strike anyone." (*Id*.) He states that he "was later punished by being put in a G cell or in the hole without ever being charged with violating any rules. This punishment continued and I remained in a red jumpsuit in isolation until I was transferred to Otay Mesa Detention Center." (*Id*.)

Plaintiff claims violations of his rights to due process and to be free from excessive use of force under the Fifth and Fourteenth Amendments. (*Id*. at 5-6.) He seeks compensatory and punitive damages. (*Id*. at 5.)

C.   **Analysis**

   **1. Plaintiff's *Bivens* Claim Fails Because State Tort Remedies Are Available**

A *Bivens* remedy is not available here because Plaintiff is seeking relief against employees of a private detention facility for conduct which typically falls within the traditional scope of state tort laws. Plaintiff indicates he is seeking relief pursuant to 42 U.S.C. § 1983. (ECF No. 13 at 4.) As noted in the Court's December 2, 2021, Order screening Plaintiff's original Complaint, because Plaintiff has named federal rather than state actors as Defendants his pleading is properly construed pursuant to *Bivens* rather than 42 U.S.C. § 1983. (ECF No. 9 at 5-6, citing *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004) (federal constitutional claims brought against individual correctional officer defendants employed by private corporation operating a detention facility under contract with the federal government are required to be brought in federal court, if at all, pursuant to *Bivens*) and *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991) ("Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*.").)

"Inmates who sue prison officials for injuries suffered while in custody may do so under the Eighth Amendment's Cruel and Unusual Punishment Clause or, if not yet

convicted, under the Fourteenth Amendment's Due Process Clause." *Castro v. County of Los Angeles*, 833 F.3d 1060, 1067-68 (9th Cir. 2016). "Under both clauses, the plaintiff must show that the prison officials acted with 'deliberate indifference.'" *Id*. at 1068. For pre-trial detainees bringing claims under the Fourteenth Amendment there is an objective standard of deliberate indifference, which is "more than negligence but less that subjective intent - something akin to reckless disregard." *Id.* at 1068-71.

"Where . . . a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law . . ., the prisoner must seek a remedy under state tort law. We cannot simply imply a *Bivens* remedy in such a case." *Minneci v. Pollard*, 565 U.S. 118, 131 (2012).

Plaintiff is unable to obtain a *Bivens* remedy against the guards employed by the GEO Group Inc. here based on allegations of excessive use of force during his cell extraction because he has tort remedies available to him under California law. The Court in *Minneci* specifically held that California tort law provides a remedy "for actions based upon the failure of one with a custodial duty to care for another to protect that other from 'unreasonable risk of physical harm,'" and that "California courts have specifically applied this law to jailers, including private operators of prisons." *Id*. at 128. The Ninth Circuit has applied *Minneci* to preclude *Bivens* remedies for claims against employees of the GEO Group, Inc. in its capacity of operating a federal immigration detention facility. *See Karboau v. Clark*, 577 Fed.Appx. 678, 679 (9th Cir. 2014) (affirming dismissal of claims against individual employees of GEO Group, Inc., because the exclusive remedy is pursuant to state tort law).

Accordingly, the Court *sua sponte* dismisses Plaintiff's *Bivens* claims in the First Amended Complaint for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Watison*, 668 F.3d at 1112.

///

### 2. Plaintiff's Alternate Claims Under the FTCA

As an alternative to bringing this action in state court under state tort law, Plaintiff also could have brought his suit in federal court against the United States under the Federal Torts Claim Act ("FTCA"). The United States is the only proper Defendant in an FTCA suit. *Kennedy v. U.S. Postal Service*, 145 F.3d 1077, 1078 (9th Cir. 1998). In addition, "[t]he timely filing of an administrative claim is a jurisdictional prerequisite to the bringing of a suit under the FTCA, and, as such, should be affirmatively alleged in the complaint." *Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980).

In an FTCA suit, Plaintiff would have the option of seeking to join the Defendants he named in the First Amended Complaint and requesting the Court to exercise supplemental jurisdiction over state tort claims against them. *See Agyeman*, 390 F.3d at 1103-04 (detainee in federal detention facility run by private corporation could not bring *Bivens* action against corporation or its employees but could have brought a FTCA suit with the option of joining the private corporation as a defendant and requesting the district court to exercise supplemental jurisdiction over his state tort claims), citing *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 72-74 (2001) (discussing options for federal prisoners in private prisons and recognizing that state tort claims are easier to plead because they lack the heightened deliberate indifference standard for analogous federal constitutional claims) and 28 U.S.C. § 1346(b)(1) (stating that district courts shall have jurisdiction over civil actions against the United States for "personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.")

Construing Plaintiff's First Amended Complaint liberally as presenting an FTCA claim, the Court here finds that in addition to having failed to name the United States as a Defendant, the First Amended Complaint fails to state an FTCA claim because it does not allege compliance with the FTCA's administrative claim exhaustion requirement.

Accordingly, the Court *sua sponte* dismisses Plaintiff's FTCA claim in the First Amended Complaint for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Watison*, 668 F.3d at 1112.

### 3. Supplemental State Law Tort Claims

Because all federal claims are dismissed from this action, the Court declines to exercise supplemental jurisdiction over any state law tort claims at this time. *See* 28 U.S.C. § 1367(c)(2) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . .. (3) the district court has dismissed all claims over which it has original jurisdiction . . . ."); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial . . . the state law claims should be dismissed as well.")

**D.     Leave to Amend**

In light of Plaintiff's pro se status, the Court grants him leave to amend to attempt to sufficiently allege a claim if he can. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quote marks omitted.

### III.     Conclusion and Order

Good cause appearing, the Court:

1.     **DISMISSES** all claims against all Defendants in the First Amended Complaint without prejudice and with leave to amend pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2.     **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file a Second Amended Complaint which cures the deficiencies of pleading noted in this Order.  Plaintiff's Second Amended Complaint must be complete by itself without reference to any previous version of his pleading; Defendants not named and any claims not re-alleged in the Second Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546

(9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.")  If Plaintiff fails to timely amend, the Court will enter a final Order dismissing this civil action.  *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")

**IT IS SO ORDERED.**

Dated:  February 18, 2022

_____
Honorable Jinsook Ohta
United States District Judge